**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CRIMINAL ACTION NO. 11-26-DLB**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**


**v.**                                    **MEMORANDUM ORDER**


**JEREMY DALE WILSON**                                                    **DEFENDANT**

* *   * *   * *   * *   * *   * *   * *   * *

This matter is before the Court upon the Defendant Wilson's Motion for Compassionate Release (Doc. # 40).  Mr. Wilson is currently incarcerated at FCI Gilmer, where he is serving a sentence of 22 months imprisonment for violating the terms of his supervised release (Doc. # 38).  He is 46 years old and has a projected release date of October 23, 2022.  *See* BOP Inmate Locator at https://www.bop.gov/inmateloc (last accessed on March 10, 2022).

In his motion, he states that he suffers from asthma, epilepsy/seizure disorder, and is obese, which he believes makes him more susceptible to COVID-19 and more vulnerable to severe infection if he were to contract the COVID-19 virus.  He also identifies his mental health diagnoses and family circumstances which he argues supports his request for compassionate release.  In a subsequent filing (Doc. # 43), Mr. Wilson has attached multiple pages of BOP medical records, the majority of which pre-date his

current term of imprisonment, which he argues also supports early release.[1]

In its response, the Government acknowledges that Mr. Wilson has properly exhausted his administrative remedies. (Doc. # 50). The Government further argues that his medical conditions do not rise to the level of extraordinary or compelling for purposes of the statute. (*Id*.). The Government has attached 477 pages of Mr. Wilson's BOP medical records (*See* Doc. # 46-3, 46-4 & 46-5) which shows how his various medical conditions have been treated while he has been in BOP custody. In his most recent filing, construed by the Court as his reply brief, Mr. Wilson continues to emphasize the chronic nature of his asthma and asks the Court for compassionate release on that basis (Doc. # 58).

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A). That statute provides that the court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Mr. Wilson previously served a 109 month term of imprisonment for being a felon in possession of a firearm.

District courts generally apply a three-step test when analyzing motions for compassionate release.  *See United States v. Jones,* 980 F.3d 1098, 1107-08 (6th Cir. 2020).  First, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist.  *Id.*   Second, the court must consider any applicable policy statements found in the United States Sentencing Guidelines.  *Id*. at 1108.  Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a).  *Id.*  There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf.  *Id*. at 1108-09.  Accordingly, when dealing with motions filed by inmates, district courts may skip step two of the three-step analysis.  *Id*. at 1111.  In one of its more recent published cases discussing compassionate release motions, the Sixth Circuit stated that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.' *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).  "Instead, when an imprisoned person files a motion for compassionate release, the district court has "full discretion ... to determine whether an extraordinary and compelling reason justifies compassionate release."  *Jones*, 908 F.3d at 1109.

Here, the Court concludes that Mr. Wilson has fully exhausted his administrative remedies within the BOP.  Exhaustion notwithstanding, Mr. Wilson's medical conditions are neither extraordinary nor compelling in the Court's view.  Although individuals with asthma may be at increased risk for severe illness from the virus that causes COVID-19,

there is nothing in the record to establish that the BOP is not adequately treating Defendant's medical conditions, including asthma, while he has been incarcerated. Moreover, Defendant is now fully vaccinated against the COVID-19 virus as he reported a history of receiving the Janssen Vaccine in June, 2021 (Doc. # 46-6).

Additionally, the vaccines have been shown to be safe and effective in preventing disease, hospitalization and deaths.  See *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712, at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines).  Because Defendant is fully vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).  In fact, many district courts within the Sixth Circuit have routinely refused to find that a fully vaccinated inmate has an extraordinary and compelling reason for release because of their fear of contracting COVID-19.  *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).  Put simply, Mr. Wilson's medical conditions, while perhaps more significant than the average inmate, are insufficient to satisfy the first prong of the test.

The Court also concludes that consideration of the 3553(a) factors compels the denial of Mr. Wilson's motion.  Defendant's criminal history includes several violent crimes including robbery, burglary, escape and two separate federal felon in possession of firearm convictions, one from 2004 and the underlying conviction in 2011.  His 17 criminal points at the time he was sentenced far exceeded the minimum necessary for criminal history category VI.  He also has a history of violating the terms and conditions of his

supervised release, which ultimately lead the Court to revoke his supervised release and sentence him to the 22 month term of imprisonment he is currently serving.

Consideration of the sentencing factors in 18 U.S.C. § 3553(a), individually and collectively, do not support Mr. Wilson's compassionate release. In the Court's view, to release Mr. Wilson now due to the COVID-19 pandemic would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of his crime and would not deter criminal activity or protect the public.

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. # 40) be, and is hereby **denied**.

This 10th day of March, 2022.

**Signed By:**

*David L. Bunning*

**United States District Judge**